Springer *v.* Fenner *et al.*

———◆———

### No. 15,015.

### SPRINGER *v.* FENNER ET AL.

From the Hamilton Circuit Court.

*G. Shirts* and *M. Vestal,* for appellant.

*W. Booth,* for appellees.

OLDS, J.—This is an action for the foreclosure of a mechanic's lien. The appellee, Mrs. Mollie Fenner, wife of the appellee George Fenner, contracted with one Barrett for the building of a house upon a lot owned by her. Barrett contracted with the appellant to furnish certain materials for use in the construction of the house. Springer filed a notice in the recorder's office of the county within sixty days from the date of furnishing the materials, and brings this suit to foreclose the lien. Appellees answered in denial and pleaded payment. There was a trial by the court and finding and judgment for the appellees. The appellant filed a motion for a new trial, which was overruled, and exceptions reserved.

The grounds for the motion for a new trial are that the finding and judgment are contrary to law and are not sustained by sufficient evidence.

Counsel for appellant assume that the evidence is undisputed showing that there is an amount due, and that notice of the indebtedness was given by the appellant to George Fenner, who was the authorized agent of his wife, before all the materials were delivered, and then proceeds to discuss the question as to what is the proper construction to be given to the statute—section 5 of the mechanic's lien law, Acts of 1883, p. 141—contending that a notice is sufficient if given at any time before the owner has paid the contractor.

We have examined the evidence in the record, and find there is some evidence to sustain a finding that the appellant had been paid in full for the amount of materials furnished for the house of Mrs. Fenner before the commencement of this suit.

The questions as to whether her husband was the authorized agent of the wife, and whether even the husband had any notice of the fact that the appellant was furnishing the materials, are disputed, the appellees contending that the husband was not the agent of the wife, and that even he had no notice, and there is some evidence tending to support such contention ; but, even if there was not, there is evidence strongly supporting the fact that appellant's account for materials furnished for the house had been fully paid.

Barrett testifies that the appellant had been paid in full for such materials. This being true, the finding of the court is sustained regardless

of what construction may be placed upon the section of the statute requiring the giving of notice to the owner or his agent.

There is no error.

Judgment affirmed, with costs.

Filed Sept. 24, 1891.